■ WILLIAM E. GRAY, Respondent, v. YALE TRANSPORT CORP. et al., Appellants.—In an action to recover damages for personal injuries alleged to have been caused by the negligence of both defendants, the defendant McAllister Garage Co., Inc., appeals from an order of the Supreme Court, Kings County, dated June 28, 1960, denying its motion to dismiss the complaint for failure to prosecute the action and for failure to serve a complaint within the time prescribed by law (Civ. Prac. Act, § 257). The defendant Yale Transport Corp. appeals from an order of the same court made the same day, denying, with $10 costs against the plaintiff, its motion for the same relief; directing that within 10 days plaintiff shall serve a copy of his complaint and pay said $10 costs and moneys sufficient to satisfy the outstanding judgment for costs heretofore rendered against plaintiff in favor of said defendant; and further directing that in the event plaintiff fails to pay the costs and make the payments as ordered then said defendant's motion to dismiss the complaint is granted. Orders reversed, with one bill of $10 costs and disbursements to each defendant;

and the motion of each defendant to dismiss is granted, with $10 costs on each motion. In the absence of facts sufficient to excuse plaintiff's delay in the prosecution of the action and plaintiff's failure to serve a complaint; and in the absence of facts sufficient to show that plaintiff has a meritorious cause of action, it is an improvident exercise of discretion to deny a motion to dismiss (cf. *Lange* v. *Bagish*, 285 App. Div. 833; *Brassner Mfg. Co.* v. *Consolidated Edison Co. of N. Y.*, 1 A D 2d 840; *Topp* v. *Casco Prods. Corp.*, 8 A D 2d 727; *Wakschal* v. *Century Estates*, 10 A D 2d 891). The record here fails to set forth such requisite facts. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ., concur.